David Boren (CA SBN 186316) *admitted pro hac vice*
Ritholz Levy Fields LLP
10940 Wilshire Boulevard, Suite 1600
Los Angeles, CA 90024
Phone: (310) 443-4176
dboren@rlfllp.com

Jenna Harris (NY Bar No. 5981147)
Ritholz Levy Fields LLP
131 S. 11th Street
Nashville, TN 37206
Phone: (615) 250-3939
jharris@rlfllp.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
BRIAN WHITE,

        Plaintiff,

   v.

DISTROKID, LLC; KID DISTRO HOLDINGS,
LLC D/B/A DISTROKID; EUNICE RIVERS aka
EUNICE LLOYD,

        Defendants.
---------------------------------------------------------------x

Case No.: 22-cv-02205-VEC (GWGx)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS DISTROKID, LLC'S AND KID DISTRO HOLDINGS, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12(c)**

0240376

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ iii
I.   INTRODUCTION ........................................................................................................................ 1
II.   BRIEF STATEMENT OF FACTS ............................................................................................ 1
III.   LEGAL STANDARD .................................................................................................................. 3
IV.   PLAINTIFF'S COMPLAINT DOES NOT ALLEGE THAT DISTROKID ENGAGED IN VOLITIONAL CONDUCT WHICH CAUSED THE ALLEGED COPYRIGHT INFRINGEMENT ........................................................................................................................ 4
V.   CONCLUSION ............................................................................................................................ 8

## TABLE OF AUTHORITIES

### Cases

*Ariel (UK) Ltd. v. Reuters Grp. PLC*, 2006 U.S. Dist. LEXIS 79319 (S.D.N.Y. Oct. 31, 2006), aff'd, 277 F. App'x 43 (2d Cir. 2008) .................................................................................................. 7
*Bus. Casual Holdings, LLC v. YouTube, LLC*, 2022 U.S. Dist. LEXIS 50166 (S.D.N.Y. Mar. 21, 2022) ................................................................................................ 5, 6
*BWP Media United States v. T&S Software Assoc.*, 852 F.3d 436 (5th Cir. 2017) ...................... 8
*Car-Freshner Corp. v. Getty Images, Inc.*, 822 F. Supp. 2d 167 (N.D.N.Y. 2011) ................. 3, 4
*Cartoon Network LP, LLLP v. CSC Holdings, Inc.*, 536 F.3d 121 (2nd Cir. 2008) .................... 7
*CoStar Group, Inc. v. LoopNet, Inc.*, 373 F.3d 544 (4th Cir. 2004) ............................................ 8
*In re AutoHop Litig.*, 2013 U.S. Dist. LEXIS 143492 (S.D.N.Y. 2013) ..................................... 7
*Jasper v. Sony Music Entm't, Inc.,* 378 F. Supp. 2d 334 (S.D.N.Y. 2005) .................................. 6
*Lans v. Kiska Constr. Corp.*, 1997 U.S. Dist. LEXIS 21271 (S.D.N.Y. 1997) ............................ 4
*Lopez v. Bonanza.com*, 2019 U.S. Dist. LEXIS 170715 (S.D.N.Y 2019) ................................... 8
*Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 2944, 92 L. Ed. 2d 209 (1986) ............. 4
*Ruotolo v. City of New York*, 514 F.3d 184 (2d Cir. 2008) ......................................................... 4
*Sadowski v. Ng*, 2022 U.S. Dist. LEXIS 46315 (S.D.N.Y. 2022) ................................................ 4
*Spinelli v. Nat'l Football League*, 96 F. Supp. 3d 81 (S.D.N.Y. 2015) .................................. 6, 7
U.S. Naval Inst. v. Charter Commc'ns, Inc., 936 F.2d 692 (2d Cir. 1991) ................................. 6
*VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723 (9th Cir. 2019) ...................................................... 5
*Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724 (S.D.N.Y. 2011) ....................... 5, 6
*Zella v. E.W. Scripps Co.,* 529 F. Supp. 2d 1124 (C.D. Cal. 2007) ............................................. 3

### Rules

Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 3
Fed. R. Civ. P. 12(c) ...................................................................................................................... 3

**I.     INTRODUCTION**

Defendants DistroKid, LLC and Kid Distro Holdings, LLC d/b/a DistroKid (collectively, "DistroKid") bring this Motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on one ground only – that DistroKid, an online music distribution platform which enables musical artists to upload their songs which are then distributed to various streaming services selected by the user, did not engage in any "volitional conduct" that caused the alleged copyright infringement asserted by Plaintiff.  The facts alleged by Plaintiff set forth that DistroKid is an online hosting platform for music selected and uploaded by Defendant Rivers, but only after Plaintiff himself had posted the same Album on DistroKid.  *See* Plaintiff's First Amended Complaint ("Complaint"), ¶¶ 47, 69.  Plaintiff has not (and cannot) allege that DistroKid engaged in any volitional conduct that caused the alleged infringement associated with the posting or display of the Album on DistroKid.

Therefore, Plaintiff's direct copyright infringement claim against DistroKid fails as a matter of law.

**II.    BRIEF STATEMENT OF FACTS**

Plaintiff alleges he is a musician and music producer who writes music and beats and licenses those beats to other artists.  Complaint, ¶ 10).

Rivers and Plaintiff entered into an agreement for the use of Plaintiff's beats in Rivers' musical works embodied in the album entitled "Here I Am" ("Album").[1] (Complaint ¶¶ 28, 35).  Rivers owns the copyright in and to the Album, which was registered in September 2021

---

[1]     The Album contains the following songs:  *Unwanted Memories*; *Not Gonna Cry No More*; *Please!Please! Please!*; *Do You Have Some Time?*; *Here I Am*; *Counting Down to You*; *Highway Slide*; *Teach Me How to Pray*; and *He Tried It*.  Complaint, ¶ 35.

0240376                                         1

(PA0002326762). Complaint, ¶ 57. Despite previously acknowledging in the initial Complaint that his agreement with Rivers was for 50/50 ownership of the Album and the songs embodied within (see Initial Complaint, ¶ 2), Plaintiff now asserts that Rivers' use of the beats he created was also subject to an agreement obligating Rivers to schedule live performances for him. *Id.* at ¶ 29. Regardless, Plaintiff acknowledges that Rivers added his beats, with his consent, to her melodies and lyrics, creating the final musical compositions embodied within the sound recordings on the Album. *Id.* at 33.

Plaintiff was a DistroKid user and account holder and, in order to establish an account through which he could upload music for distribution such as the Album, Plaintiff had to accept DistroKid's Distribution Agreement (attached as Exhibit "A" to the Declaration of Jerry Chiang) and Terms of Service (see Exhibit "B") (collectively "Terms"). See Complaint, ¶ 8(b) (referencing Agreement). Plaintiff was made aware that "DISTROKID DOESN'T TAKE ANY COPYRIGHT OR OTHER INTEREST IN ANY OF YOUR MUSIC, ONLY A LIMITED LICENSE TO DISTRIBUTE." (Exh. A, Distribution Agreement, pg. 1). Rivers accepted the same Terms when she became a DistroKid user and uploaded her musical content for distribution through DistroKid's platform.

Plaintiff's allegations refer to and rely upon both Plaintiff's and Rivers' use of the DistroKid platform to distribute the Album. As DistroKid users, both Plaintiff and Rivers agreed to be bound by the Terms, which make clear DistroKid maintains no copyright interest in the works its users upload to its platform. *See Id.* Instead, DistroKid is granted a limited license by its users for the purpose of distributing the artists' musical content to various digital service providers chosen specifically by each user. (*See*, Exh. A, Distribution Agreement).

Plaintiff alleges he did not know that Defendant Rivers had re-uploaded the Album to DistroKid until on or about March 10, 2022. Complaint, ¶ 67. He alleges that he sent an e-mail to Defendant Rivers asking her to remove the Album from DistroKid. *Id.* at ¶ 68. However, notably lacking is that Plaintiff does not plead that he ever sent a takedown notice to DistroKid. As to DistroKid, Plaintiff filed this action on March 17, 2022.

### III.   LEGAL STANDARD

 "The legal standard for a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is identical, the only difference being the stage in the case at which they are brought." *Zella v. E.W. Scripps Co.,* 529 F. Supp. 2d 1124, 1126 (C.D. Cal. 2007). Fed. R. Civ. P. 12(c) permits challenges to the legal sufficiency of the opposing party's pleadings, and a court must determine whether the facts alleged in the complaint, to be taken for the purpose of the motion as true, entitle the plaintiff to a legal remedy. *Id.*

When considering dismissal pursuant to Fed. R. Civ. P. 12(c), "a court may consider the following matters outside the four corners of the complaint without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference in the complaint, are 'integral' to the complaint (and are provided by the parties), or (4) any matter of which the court can take judicial notice for the factual background of the case." *Car-Freshner Corp. v. Getty Images, Inc*., 822 F. Supp. 2d 167, 172 (N.D.N.Y. 2011).

Plaintiff cannot survive a motion for judgment on the pleadings by alleging conclusory allegations. *See Lans v. Kiska Constr. Corp.*, 1997 U.S. Dist. LEXIS 21271 at *7 (S.D.N.Y. 1997) (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 2944, 92 L. Ed. 2d 209 (1986) ("Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation.")). Instead, the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008).

To establish a claim for copyright infringement, Plaintiff must prove that (1) he owned a valid copyright; and (2) DistroKid committed unauthorized copying of his copyrighted work. *Sadowski v. Ng*, 2022 U.S. Dist. LEXIS 46315 at *10 (S.D.N.Y. 2022). For purposes of this Motion, even assuming Plaintiff can state a valid copyright infringement claim (which he does not), DistroKid did not engage in volitional conduct that can establish liability for the alleged infringement.

## IV.     PLAINTIFF'S COMPLAINT DOES NOT ALLEGE THAT DISTROKID ENGAGED IN VOLITIONAL CONDUCT WHICH CAUSED THE ALLEGED COPYRIGHT INFRINGEMENT

DistroKid is an online music distribution platform that enables musical artists to upload their songs, which are then distributed to various streaming services of the user's choosing. *See* Complaint, ¶ 69. It is well-established that a different standard applies to an online platform when deciding whether it engaged in direct copyright infringement. In order to state such a claim:

> [A] plaintiff must plead that the defendant engaged in some 'volitional conduct' that caused the copyright infringement. In the context of online platforms that host content uploaded or transmitted by third-party users, a platform cannot be liable for direct copyright infringement based on the alleged activities of its users unless the platform had some 'deliberate role' in the alleged infringement, such that the

> platform morphed from a passive provider of a space in which infringing activities happened to occur to an active participant in the process of copyright infringement.

*Bus. Casual Holdings, LLC v. YouTube, LLC*, No. 21-cv-3610 (JGK), 2022 U.S. Dist. LEXIS 50166, at *7 (S.D.N.Y. Mar. 21, 2022) (granting YouTube's motion to dismiss); *see also VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 732 (9th Cir. 2019) ("Direct copyright liability for website owners arises when they are actively involved in the infringement . . . . To demonstrate volitional conduct, [a plaintiff] must provide some evidence showing [that] the alleged infringer exercised control (other than by general operation of its website); selected any material for upload, download, transmission, or storage; or instigated any copying, storage, or distribution" of copyrighted content); *Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724, 742 (S.D.N.Y. 2011).

In *Bus. Casual*, the United States District Court for the Southern District of New York granted YouTube's motion to dismiss claims for direct and contributory copyright infringement, and vicarious liability for copyright infringement. *Bus. Casual Holdings, LLC*, 2022 U.S. Dist. LEXIS 50166, at *3. Similar to DistroKid's Terms, YouTube's service agreement provided that its users agreed to grant YouTube a license to the content the users uploaded, and each user's use of the platform's services constituted an acknowledgement of those terms. *Id.* (YouTube's terms also outlined its takedown policies and procedures in the event a valid complaint is submitted against any content under the Digital Millennium Copyright Act.) "[It] is a hallmark principle of copyright law that licensors may not sue their licensees for copyright infringement." *Jasper v. Sony Music Entm't, Inc.,* 378 F. Supp. 2d 334, 339 (S.D.N.Y. 2005) (citing U.S. Naval Inst. v. Charter Commc'ns, Inc., 936 F.2d 692, 695 (2d Cir. 1991)). "A defendant may raise a complete defense to a copyright infringement claim by presenting the court with the license or sublicense on a motion to dismiss, and dismissal of a claim for copyright infringement is proper where a contract

underlying the suit clearly and unambiguously demonstrates the existence of the defendant's license to exploit the plaintiff's copyrights and where plaintiff has not shown any limitation on that license." *Spinelli v. Nat'l Football League*, 96 F. Supp. 3d 81, 121 (S.D.N.Y. 2015); *see also Ariel (UK) Ltd. v. Reuters Grp. PLC*, No. 05-cv-9646, 2006 U.S. Dist. LEXIS 79319, at *5, 10 (S.D.N.Y. Oct. 31, 2006), aff'd, 277 F. App'x 43 (2d Cir. 2008). Relying on this, the court dismissed the claims against YouTube in light of plaintiff's inability to plead adequately that YouTube engaged in volitional conduct, particularly in light of the license plaintiff had granted to YouTube with respect to the content at issue. *Id*.

"Direct liability requires 'volitional conduct' that 'causes' the infringement." See *Cartoon Network LP, LLLP v. CSC Holdings, Inc.*, 536 F.3d 121, 131 (2nd Cir. 2008). "A person or entity cannot be found directly liable for copyright infringement without proof of some volitional act by the person that constitutes or causes the infringement." *In re AutoHop Litig.*, 2013 U.S. Dist. LEXIS 143492 at **16-17 (S.D.N.Y. 2013). "[T]he pivotal factor in this Circuit for direct liability is initiation of the act of copying **rather than…creation of the technological structure**." *Id.* at *19; *Cartoon Network LP, LLLP*, 536 F.3d at 131-132 (emphasis added) ("in determining who actually 'makes' a copy, a significant difference exists between making a request to a human employee, who then volitionally operates the copying system to make the copy, and issuing a command directly to a system, which automatically obeys commands and engages in no volitional conduct.")

In *Lopez v. Bonanza.com*, 2019 U.S. Dist. LEXIS 170715 at *52 (S.D.N.Y 2019), the court granted defendants' motion to dismiss with prejudice, holding that a third-party user's "display of copyrighted images on a defendant's website does not demonstrate volition by the defendant" sufficient to maintain a copyright infringement claim. "Something more must be shown than mere

ownership of [websites or e-commerce platforms] used by others to make illegal copies." *Cartoon Network LP, LLLP*, 536 F.3d at 130.

If "any reproduction, display or transmission of the [content] by or through the…website is an automated process with no human intervention by any employee," the website operator has not engaged in any volitional conduct to be held liable for direct copyright infringement. *Wolk*, 840 F. Supp. 2d at 742. *See also BWP Media United States v. T&S Software Assoc.*, 852 F.3d 436, 442 (5th Cir. 2017) ("T&S hosts the forum on which infringing content was posted, but its connection to the infringement ends there…T&S and the infringing content are not linked by volitional conduct. It cannot be said that T&S's conduct 'caused in some meaningful way an infringement.")*. See also CoStar Group, Inc. v. LoopNet, Inc.*, 373 F.3d 544, 550 (4th Cir. 2004) (holding that an ISP is not "liable as a direct infringer when its facility is used by a subscriber to violate a copyright without intervening conduct of the ISP").

In this instance, Plaintiff has not pled any allegations (nor can it) that DistroKid has engaged in any "volitional conduct" relating to Defendant Rivers' alleged infringement. Just like the comparison analogized in *Cartoon Network LP, LLLP*, DistroKid's platform is akin to a store proprietor who charges customers to use the photocopier on its premises. *Cartoon Network LP, LLLP* 536 F.3d at 131 ("[B]y selling access to a system that automatically produces copies on command, Cablevision more closely resembles a store proprietor who charges customers to use a photocopier on his premises, and it seems incorrect to say, without more, that such a proprietor 'makes' any copies when his machines are actually operated by his customers.) Where a store proprietor would not be held liable as the actual copier of infringing material, DistroKid also is not liable for infringing material uploaded by its users and distributed on its platform.

Plaintiff does not (and cannot) plead that DistroKid played a "deliberate role" and was an "active participant" in the alleged infringement. *See Bus. Casual Holding, LLC*, at **7-8 (S.D.N.Y. 2022). The Complaint contains no allegations identifying how DistroKid purportedly changed from a passive provider of an internet platform on which alleged infringing activity occurred to an "active participant in the process of copyright infringement." *See id.* Further, Plaintiff does not allege that DistroKid exercises any control over how artists select the music they upload to the platform (other than by operating its online platform). There are no allegations DistroKid selected any material for upload, download, transmission or storage. Instead, such conduct was all done admittedly by either Plaintiff or Defendant Rivers. DistroKid's platform permits the user to control and select the exclusive streaming services through which its musical works will be made available. DistroKid did nothing to "cause in some meaningful way" the alleged infringement in this matter. *See CoStar Group, Inc.*, 373 F.3d at 550 (4th Cir. 2004).

Plaintiff does not allege that DistroKid engaged in any volitional conduct that caused the alleged infringement. Therefore, Defendant's Motion for Judgment on the Pleadings should be granted without leave to amend and the remaining claims against DistroKid should be dismissed with prejudice.

## V.   CONCLUSION

Plaintiff's claims are deficient and devoid of merit and any effort by Plaintiff to further amend in response to the arguments raised in DistroKid's Motion for Judgment on the Pleadings would be futile. As a result, DistroKid respectfully submits that Plaintiff's claims against DistroKid should be dismissed with prejudice and no additional leave to amend should be permitted.

Respectfully submitted,

**RITHOLZ LEVY FIELDS LLP**

*/s/ David Boren*
David Boren (CA SBN 186316) *pro hac vice*
10940 Wilshire Boulevard, Suite 1600
Los Angeles, CA 90024
Phone: (310) 443-4176
dboren@rlfllp.com

Jenna Harris (NY Bar No. 5981147)
131 S. 11th Street
Nashville, TN 37206
Phone: 615.250.3939
jharris@rlfllp.com

*Attorneys for Defendants DistroKid, LLC and Kid Distro Holdings, LLC d/b/a DistroKid*

## **CERTIFICATE OF SERVICE**

       I hereby certify that a true copy of the foregoing was delivered to the following via ECF e-mail, or U.S. Mail on August 16, 2024 as follows:

Megan Elizabeth Verrips
PO Box 8684
Portland, OR 97207
E-mail: megan@informationdignityalliance.org
*Attorney for Plaintiff*

Andrew Grimm
Digital Justice Foundation
E-mail: andrew@digitaljusticefoundation.org
*Attorney for Plaintiff*

Eunice Lloyd
94 Grant Ave.
Jersey City, NJ 07305
E-mail:  erivers9966@gmail.com
*Defendant, Pro Se*

                                              */s/ David Boren*